IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLEN P. GALOWSKI,

                Plaintiff,

   v.

MICHAEL SHAEFER, SETH WISKOW,
DENNY WOODWARD, CHENG LAO, GJIN
LOR, GER LOR, KIA, DEVIN LITZA, RENE
SULLIVAN, JOHN ELLENBECKER, JESSICA
HINZ,
DAVID LINKE, JEANNE KOHLBECK, and
ANGELA M. GERMAN,

                Defendants.

OPINION & ORDER

15-cv-780-jdp

---

Pro se plaintiff Allen P. Galowski is proceeding on claims that defendants, staff at the Marathon County Jail, failed to properly treat his various serious medical needs when he was incarcerated there from December 2013 to March 2014.[1] Galowski alleges that he arrived at the jail with several injuries to his spine, limbs, and hand. He requested medical attention throughout his stay at the jail, but defendants ignored his requests and withheld his pain medication and hand brace. He also alleges that he requested to be seen by a specific mental health treatment provider, Ellen Barcker, throughout his stay at the jail, but he was not seen by her until March 6.

Two groups of defendants jointly move for summary judgment based on Galowski's failure to exhaust his administrative remedies. Dkt. 43. Defendants bear the burden of

---

[1] Although Galowski remained in the legal custody of Marathon County Jail throughout this time, he was physically transferred to the Lincoln County Jail from January to February or March 2014. He does not bring claims against Lincoln County Jail staff.

establishing their affirmative defense that Galowski failed to exhaust his available remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Defendants must show that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broad. Grp.*, 414 F.3d 686, 692 (7th Cir. 2005). All reasonable inferences from the facts in the summary judgment record must be drawn in Galowski's favor, as the nonmoving party. *Baron v. City of Highland Park*, 195 F.3d 333, 338 (7th Cir. 1999).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Although Galowski was released from the Marathon County Jail in March of 2014, § 1997e(a)'s exhaustion requirement still applies to him because he was a prisoner (at the Jackson Correctional Institution) at the time he filed this suit. *See Kerr v. Puckett*, 138 F. 3d 321, 323 (7th Cir. 1998).

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," which includes filing grievances and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024, 1025 (7th Cir. 2002). The Marathon County Jail requires inmates to submit grievances electronically through kiosks located inside cells.

2

Defendants contend that Galowski did not file a grievance concerning defendants' failure to properly treat his medical needs. They point to five grievances that Galowski submitted through the kiosk system in December 2013 and January 2014 as evidence that the grievance system was available to Galowski and that he did not use the system to complain about the lack of medical care. (The five grievances concern matters unrelated to medical needs, such as canteen purchases and the jail's water temperature.) They state that Galowski "did not submit any inmate grievances with Marathon County Jail between December 2013 and March 2014 relating to the alleged deficiencies in medical care at issue in this lawsuit." Dkt. 44, at 3.

But Galowski points to jail records, which he obtained via an open records request, that show that he submitted many "resident requests" through the kiosk system between December 2013 and March 2014, some of which *do* relate to the lack of medical care at issue in this suit. *See* Dkt. 49-10, at 7-25. For example, on March 3, 2014, Galowski complained about not receiving ibuprofen that he had been requesting since December:

> I was supposed to get [the ibuprofen] since I came in in December and still waiting every time I seen nurse they said they would send me 800 ML ibuprofen tabs since I had 5.5 ML Vicodin when I came in for my hand and shoulders that I have torn rotator cuffs in both from long prison time and bootcamp P.E. messed up. Will there not be a charge since I was told at [Lincoln County Jail] they said [Marathon County Jail] told them they been giving and charging me for them and I still never got any. Plus I seen them at [Lincoln County Jail] too for this and I was to receive them last Wednesday there too. But again I got the run around and came back here with nothing again.

*Id.* at 21. And the jail records show that Galowski submitted more than 10 requests asking for mental health treatment by Ellen Barcker.

Perhaps there is an argument to be made that these requests do not satisfy § 1997e(a)'s exhaustion requirement because they are not labeled "grievance," but defendants have waived

3

that argument by failing to address these requests at all in their reply, even though Galowski specifically pointed them out the rebut defendants' proposed fact. Likewise, they have waived any potential argument that these requests do not alert defendants "to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Galowski has disproven the factual basis for defendants' motion, so I will deny it.

ORDER

IT IS ORDERED that defendants' joint motion for summary judgment for failure to exhaust administrative remedies, Dkt. 43, is DENIED.

Entered May 15, 2017.

BY THE COURT:

/s/
_____

JAMES D. PETERSON
District Judge