# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

ALLEN P. GALOWSKI,

                  Plaintiff,

v.

MICHAEL SHAEFER, *et al.*,

                  Defendants.

ORDER

15-cv-780-jdp

Plaintiff Allen P. Galowski is proceeding pro se on Eighth Amendment deliberate indifference claims against defendants, who are staff at the Marathon County Jail. Galowski claims that defendants failed to properly treat his mental health condition and his physical injuries while jailed there from December 2013 to March 2014. Dkt. 11. Before the court are several motions concerning Galowski's deposition and medical examination. Dkts. 56–58. For the reasons stated below, I am extending certain deadlines and ordering Galowski to attend his deposition and to submit to a physical examination.

On August 23, 2017, defendants sent Galowski notice that they planned to depose him on September 6 and conduct an independent medical examination of him on September 7. *See* dkt. 60-1 and dkt. 60-2. Galowski did not appear at the deposition or examination. Instead, he filed "objections," which the court construes as motions for protective orders. Galowski signed these documents on September 1 but the court did not receive them until September 7. *See* dkt. 56 and dkt. 57. In response, defendants have moved to compel Galowski's deposition and medical examination, to extend deadlines to allow for the delayed deposition and examination, and for sanctions. Dkt. 58.

Beginning with the deposition, the court will deny Galowski's motion for a protective order and is granting defendants' motion to compel. A party must attend a properly noticed deposition unless he shows "good cause" that he must be protected from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Galowski has not shown good cause. He argues that (1) he doesn't have an attorney; and (2) he "identified all the issues and answers in the complaint." Dkt. 57. Depositions of pro se parties (that is, parties without counsel) are routine, so the lack of an attorney is not good cause to avoid a deposition. *See, e.g.*, *De Bauche v. Harley-Davidson Motor Co. Operations, Inc.*, 88 F. App'x 122, 124–25 (7th Cir. 2004) (affirming a district court's order dismissing a case as a sanction for a pro se plaintiff's refusal to participate in a deposition). The fact that Galowski "identified all the issues" in his complaint is not a valid reason to avoid the deposition, either. Parties have a right to conduct discovery, including depositions, regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Plaintiffs are routinely deposed by defendants. So, defendants may depose Galowski in this case. Defendants propose September 18, 2017 as the date of the deposition. That's fine with the court; if Galowski has a genuine good reason why he cannot attend a deposition on this date, he should let defendants know right away. But if Galowski tries to avoid being deposed by offering unpersuasive excuses, then he will face consequences from the court.

Turning to the independent medical examination, the court will deny Galowski's motion for a protective order and grant defendants' motion for an examination. Unlike depositions, the burden is on defendants to show (1) that Galowski's mental or physical condition is actually in controversy; and (2) that there is good cause for an examination. Fed. R. Civ. P. 35(a); *J.H. v.*

*Sch. Town of Munster*, 38 F. Supp. 3d 986, 988 (N.D. Ind. 2014) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964)). Here, Galowski's claims arise directly out of defendants' alleged failure to adequately treat his physical injuries and mental health needs. *See* dkt. 11, at 2–4. Galowski seeks damages for his "injuries, medical costs, [and] future medical costs." Dkt. 1, ¶ 255. He intends to prove that defendants' failures caused him permanent physical injury. *See* dkt. 53, at 3. So Galowski clearly has placed his physical and mental conditions squarely into controversy, which means there is good cause for an examination of Galowski's mental and physical condition. Galowski argues that an examination is unnecessary because (1) he "has his own doctors" and (2) "the court and defendants attorneys have all medical reports" he has released. Dkt. 56, at 1. That's not the way civil lawsuits work. This is an adversarial process. Even if defendants have Galowoski's medical records, they are entitled to an examination of Galowski by an independent, qualified examiner as well. *See Reyes v. Dart*, 801 F.3d 879, 881 (7th Cir. 2015). I am granting defendants' motion for an examination.

Rule 35 requires that my order "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Defendants have proposed a date, time and place for the examination, as well as a doctor who will perform it: Charles Burton, MD. As for the manner, conditions, and scope of the examination, defendants only indicate that they want the examination to "determine the cause, extent and permanency associated with [Galowski's] alleged physical injuries and damages." Dkt. 59, at 9. In the absence of further guidance from defendants, I will order Galowski to submit to a physical examination limited to determining the cause, extent, and permanency of the physical injuries that he alleges were caused or exacerbated by defendants' actions or failure to act. The examination must be

3

conducted according to Dr. Burton's professional judgment. Again, if defendants' proposed IME date presents a genuine and severe inconvenience for Galowski, he must let the defendants know promptly so that an acceptable IME date can be set sooner rather than later..

Defendants also ask the court to extend the dispositive motions deadline to October 31 so that they may conduct Galowski's deposition before moving for summary judgment and to allow them until November 17 to supplement their expert disclosures with Dr. Burton's written report. The court will grant both extensions.

Finally, I am denying defendants' motion for sanctions. Defendants complain that Galowski didn't move for a protective order until September 7, the day after the deposition was supposed to occur, and that they wasted time and money preparing for a deposition that never took place. Defendants are correct that sanctions may be appropriate when a party fails, after being served with proper notice, to appear for a deposition unless he already filed a motion for a protective order. *See* Fed. R. Civ. P. 37(d). I would be inclined to award defendants sanctions were it not for defendants' own failure to follow the rules.

First, it is questionable whether defendants served Galowski with proper notice. Rule 30(b)(1) requires the provision of reasonable notice of depositions. Defendants gave Galowski nine business days' notice of his deposition by email—he received notice in the mail only seven business days before the deposition. Depending on the situation, nine business days' notice may be reasonable, but that's cutting it close. *See In re Sulfuric Acid Antitrust Lit.*, 231 F.R.D. 320, 327–28 (N.D. Ill. 2005) (collecting cases and determining that ten business days' notice was unreasonable). Defendants would be on more solid ground if they had provided Galowski with more ample notice.

4

Second, defendants erroneously "noticed" an independent medical examination when Rule 35 clearly indicates that a court order is required. Unlike depositions, which parties may conduct "without leave of court" in most circumstances, Fed. R. Civ. P. 30(a), physical and mental examinations require a court order made "only on motion for good cause." Fed. R. Civ. P. 35(a)(1). Defendants attempted to bypass this rules, sending Galowski a short notice requiring him to submit to an examination and threatening him that he would be responsible for "cancellation or no-show fees" if he didn't show up. Dkt. 60-2, at 3. Defendants' procedural end-run is all the more troublesome because it was aimed at a pro se opponent who is not versed in the rules or their requirements.

That said, Galowski is put on notice: he choose to bring this lawsuit, so now he must allow the defendants their fair opportunity to develop the evidence that will allow them to defend against his claims. If Galowski does not sit for his deposition or participate in the IME, then it is likely that the court will impose sanctions, which could include dismissing his lawsuit entirely.

ORDER

It is ORDERED that:

(1) Plaintiff's motions for protective orders, dkt. 56 and dkt. 57, are denied;

(2) Defendants' motion to compel is GRANTED in part and DENIED in part in the manner and for the reasons stated above;

(3) Plaintiff must attend his deposition on September 18, 2017, or another date mutually convenient to the parties;

(4) Plaintiff must submit to a physical examination by Dr. Charles Burton at Wausau Wellness Center, 512 S. 17th Avenue, Wausau, Wisconsin, on November 2, 2017, or another date mutually convenient to the parties. The examination must be conducted according to Dr. Burton's professional judgment and must be limited to determining the cause, extent, and permanency of the physical injuries that plaintiff alleges were caused or exacerbated by defendants' actions or failure to act;

(5) The dispositive motions deadline is extended to October 31, 2017; and

(6) Defendants may supplement their expert disclosures with Dr. Burton's written report by November 17, 2017.

Entered this 13th day of September, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge