IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALLEN P. GALOWSKI,

    Plaintiff,

v.

MICHAEL SHAEFER, SETH WISKOW,
DENNY WOODWARD, CHENG LAO, GJIN LOR,
GER LOR, KIA, DEVIN LITZA, RENE SULLIVAN,
JOHN ELLENBECKER, JESSICA HINZ,
DAVID LINKE, JEANNE KOHLBECK, and
ANGELA M. GERMAN,

    Defendants.

ORDER

15-cv-780-jdp

---

Pro se plaintiff Allen P. Galowski is proceeding on claims that defendants, staff at the Marathon County Jail, failed to properly treat his various serious medical needs when he was incarcerated there. Two groups of defendants move for summary judgment. Dkt. 67 and Dkt. 74.

Galowski has not responded to defendants' motions. This calls into question whether Galowski wants to continue with the lawsuit. The court has already warned Galowski that his failure to participate in litigation could result in dismissal of his case. See Dkt. 62, at 5 ("If Galowski does not sit for his deposition or participate in the IME, then it is likely that the court will impose sanctions, which could include dismissing his lawsuit entirely."). Galowski's failure to submit proposed findings of fact opposing defendants' motions also means that, under this court's summary judgment procedures, I should consider defendants' proposed findings undisputed. See Dkt. 30, at 4, 8 ("If a party fails to respond to a fact proposed by the opposing party, the court will accept the opposing party's proposed fact as undisputed.").

Before I dismiss the case with prejudice for Galowski's failure to prosecute it or consider defendants' proposed findings of fact undisputed for Galowski's failure to comply with court rules, I will give Galowski a short time to explain whether he still wishes to prosecute this lawsuit. If he does, he will have the same deadline to (1) show cause why he was not able to submit a timely response to defendants' summary judgment motion; and (2) submit a brief, proposed findings of fact, and supporting evidence opposing defendants' motions.

I will attach to this order another copy of this court's procedures for briefing summary judgment motions.

ORDER

IT IS ORDERED that plaintiff Allen P. Galowski may have until January 11, 2018, to respond to this order as discussed in the opinion above.

Entered December 28, 2017.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge

# MOTIONS FOR SUMMARY JUDGMENT

These procedures explain how to present and oppose motions for summary judgment. You should follow these procedures and Rule 56 carefully.

These procedures require careful preparation of statements of proposed findings of fact. The purpose of these statements of proposed findings of fact is to clearly identify the essential facts material to the motion for summary judgment, and to help the court determine if those facts are genuinely disputed. A dispute of fact is genuine if both sides have evidentiary support for their positions. Accordingly, these procedures are also designed to help the court see the evidentiary support for the proposed facts. The court will not search the record for facts or evidence.

The fact documents are most useful if the proposed facts, and especially the responses and replies to those facts, are succinctly stated. The fact documents should not be inflated with lengthy argument. If the responses to fairly proposed facts, or the replies to fairly disputed facts, are inappropriately argumentative, then the court may strike the offending response, or in extreme cases, an offending pleading.

Because the material facts must be proposed in a statement of proposed facts, it is not necessary to repeat all those facts in the briefs. However, the court will find it helpful to have the background facts concisely stated in an introductory section of the brief.

## I. The motion for summary judgment

A. Contents:

1. A motion that clearly states the claims or defenses, or the parts of claims or defenses, for which summary judgment is sought.

2. A statement of proposed findings of fact that includes all facts needed to sustain the motion.

3. Evidentiary materials that support the proposed facts (*see* I.C.).

4. A supporting brief. Your brief is the place to make your legal argument, not the place to introduce facts into the record. However, you may find it helpful to include a concise overview of the background facts of the dispute. When you finish the brief, you should confirm that all the dispositive facts that you rely on are stated in the proposed findings of fact document.

B. Proposed findings of fact:

1. The purpose of the statement of proposed findings of fact is to clearly identify the material facts and to allow the court to determine whether those facts are genuinely in dispute.

2. The statement of proposed findings of fact must include all facts necessary to sustain the motion for summary judgment, including facts relating to jurisdiction and the identity of the parties.

3. A party must propose each fact in a separate, numbered paragraph, limited as nearly as practical to a single factual proposition.

4. Each factual proposition must be followed by a reference to evidence supporting the proposed fact. The citation must identify where in the record the evidence is located. If a party cites an affidavit of a witness who has submitted multiple affidavits or the deposition of a witness who has been deposed multiple times, then the citation must include the date that the document was created. Where possible, include the docket number. For example:

   1. Plaintiff Smith bought six Holstein calves on July 11, 2006. Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3.

5. Documents at issue in the case (e.g., patents, contracts, insurance policies, etc.) should be placed into the summary judgment record with a single proposed fact. For example:

   1. The contract between Smith and Jones is attached as Exhibit 1 to the Smith Affidavit.

   Do not propose multiple facts restating the individual provisions of the document. Do not propose facts stating your argument about the meaning of the document.

6. Do not propose facts reciting expert opinions or parties' arguments. You should address these issues in your brief with citations to the appropriate docket entries.

C. Evidence

1. As noted in I.B. above, a party must support each proposed finding with admissible evidence. The court will not search the record for evidence. Where possible, provide the docket number for the supporting evidence.

2. A proposed fact can be supported with any of the following evidence:

   - Depositions. Give the name of the witness, the date of the deposition, and page of the transcript of cited deposition testimony.

   - Answers to Interrogatories. State the number of the interrogatory and the party answering it.

   - Admissions made pursuant to Federal Rule of Civil Procedure 36. State the number of the requested admission and the identity of the party to whom it was directed; or

   - Other Admissions. Identify the document, the number of the page, and paragraph of the document in which that admission is made.

- Affidavits. The page and paragraph number, the name of the affiant, and the date of the affidavit. (Affidavits must be made by persons who have first-hand knowledge and must show that the person making the affidavit is in a position to testify about those facts.)

- Documentary evidence that is shown to be true and correct, either by an affidavit or by stipulation of the parties. (State exhibit number, page, and paragraph.)

II. **The response to a motion for summary judgment**

A. Contents:

 1. A brief in opposition to the motion for summary judgment.

 2. A response to each of the moving party's proposed finding of fact.

 3. If necessary, additional proposed findings of fact needed to oppose the motion.

 4. Evidentiary materials cited in the response to the moving party's facts or in the additional facts proposed by the non-moving party (following the instructions in section I.C. above).

B. If the responding party proposes its own findings of fact, it should following the procedure in I.B. and I.C. above. The purpose of additional proposed findings of fact is to *supplement* the moving party's proposed findings of fact, not to dispute the facts proposed by the moving party. Even if the responding party files additional proposed findings of fact, it *must also* respond to the each of the moving party's proposed findings of fact.

C. The court will conclude that a proposed fact is undisputed unless the responding party explicitly disputes it and either identifies contradictory evidence in the record, or demonstrates that the proponent of the fact does not have admissible evidence to support it.

D. Responses to the moving party's proposed findings of fact:

 1. Answer each numbered fact proposed by the moving party in separate paragraphs, *using the same number*. The court strongly prefers that the responding party repeat verbatim the moving party's proposed fact and then respond to it.

 2. All responses should be succinctly stated.

 3. State clearly whether the fact is *disputed* or *undisputed*. If you dispute a proposed fact, state your version of the fact and cite to evidence that supports that version. For example:

    1. Plaintiff Smith bought six Holstein calves from Dell's Dairy Farm on July 11, 2006. Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶3.

> **Response:** Disputed. The purchase Smith made from Dell's Dairy Farm on July 11, 2006, was for one Black Angus bull. John Dell Affidavit, Feb. 1, 2007, Exh. A.

You may state your version of a proposed fact, but do not respond to proposed facts with additional facts that are not directly responsive to the proposed fact. The court will disregard any new facts that are not directly responsive to the proposed fact. If a responding party believes that more facts are necessary to tell its side of the story, it should include those facts in its own proposed facts, as discussed in II.B.

4. You may also dispute a fact on the grounds that the cited evidence does not support the proposed fact with admissible evidence. For example:

   1. The Smith farm maintains high standards of animal health and nutrition. John Johnson Affidavit, Jan. 12, 2007, p.1, ¶ 5.

      **Response:** Disputed. The Johnson Affidavit is inadmissible because it is not based on personal knowledge. John Johnson is plaintiff's attorney, and he does not have personal knowledge of the operation of the Smith farm.

5. Your response to a proposed fact may also indicate that the proposed fact is immaterial. For example:

   1. The Smith farm maintains high standards of animal health and nutrition. John Johnson Affidavit, Jan. 12, 2007, p.1, ¶ 5.

      **Response:** Undisputed, but immaterial.

You may state that a fact is immaterial, but do not respond to proposed facts with arguments on the merits. Make your argument in your brief, with citations to any useful docket entries.

E. Evidence

Every factual proposition, whether made in support of or opposition to, a motion for summary judgment must be supported by admissible evidence. The court will not search the record for evidence. Supporting evidence should be clearly cited and submitted as described in I.C.2.

### III. The reply by the moving party

A. Contents:

1. A reply to each numbered factual statement made by the responding party in response to the moving party's proposed findings of fact, together with references to evidentiary materials.

2. A response to each additional numbered factual statement proposed by the responding party, if any, together with references to evidentiary materials.

3. A reply brief.

4. Evidentiary materials (*see* I.C.)

B. Replies should be succinctly stated. If the response to a fact is "undisputed," the reply should also state "undisputed." If you contend that despite a response of "disputed," the non-moving party has failed to raise a genuine dispute of material fact, you should succinctly state why. For example:

> 1. Plaintiff Smith bought six Holstein calves from Dell's Dairy Farm on July 11, 2006. Harold Smith Affidavit, Jan. 6, 2007, p.1, ¶ 3.
>
>> **Response:** Disputed. The purchase price for the calves was not for fair market value. John Dell Affidavit, Feb. 1, 2007, p.1, ¶ 4.
>>
>> **Reply:** Undisputed. The response asserts an immaterial fact, but it raises no dispute of the proposed fact.

C. If the responding party has filed additional proposed findings of fact, the moving party should file its response to those proposed facts at the same time as its reply, following the procedure in II.D.

D. When the moving party replies to the responses to the moving party's original proposed findings of fact, the moving party must repeat verbatim the entire sequence associated with each proposed finding of fact. In other words, the reply document is a self-contained history of all proposed facts, responses, and replies. Likewise, the moving party's response to the supplemental facts proposed by the non-moving party should also be a self-contained history of those proposed facts with responses.

### IV. A sur-reply by responding party

A responding party may not file a sur-reply without first obtaining permission from the court. The court permits sur-replies only in rare, unusual situations.

The charts below identify the materials that each party must submit in support of or in opposition to a motion for summary judgment. The preliminary pretrial conference order will contain the specific deadline for dispositive motions. Usually, the deadline for a response will be 21 days after the deadline for the motion, and the deadline for the reply will be 10 days after the deadline for the response.

If only one party moves for summary judgment:

| Deadline for dispositive motions | Deadline for response | Deadline for reply |
|---|---|---|
| The moving party files:<br>• motion for summary judgment<br>• brief in support<br>• statement of proposed findings of fact<br>• supporting evidence | The moving party does not file anything | The moving party files:<br>• brief in reply<br>• reply to the response to its proposed findings of fact<br>• response to any supplemental proposed findings of fact |
| The non-moving party does not file anything | The non-moving party files:<br>• brief in opposition<br>• response to the moving party's proposed findings of fact<br>• supplemental proposed findings of fact (optional) | The non-moving party does not file anything |

If both parties move for summary judgment:

| Deadline for dispositive motions | Deadline for response | Deadline for reply |
|---|---|---|
| The plaintiff files:<br>• motion for summary judgment<br>• brief in support<br>• statement of proposed findings of fact<br>• supporting evidence | The plaintiff files:<br>• brief in opposition to the defendant's motion<br>• response to the defendant's proposed findings of fact<br>• supplemental proposed findings of fact (optional) | The plaintiff files:<br>• brief in reply to its motion<br>• reply to the response to its proposed findings of fact<br>• response to any supplemental proposed findings of fact |
| The defendant files:<br>• motion for summary judgment<br>• brief in support<br>• statement of proposed findings of fact<br>• supporting evidence | The defendant files:<br>• brief in opposition to the plaintiff's motion<br>• response to the plaintiff's proposed findings of fact<br>• supplemental proposed findings of fact (optional) | The defendant files:<br>• brief in reply to its motion<br>• reply to the response to its proposed findings of fact<br>• response to any supplemental proposed findings of fact |

# GUIDANCE TO *PRO SE* LITIGANTS
# REGARDING MOTIONS FOR SUMMARY JUDGMENT

This court expects all litigants, including persons representing themselves, to follow this court's procedures to be followed on motions for summary judgment. If a party does not follow the procedures, there will be no second chance to do so. The following is a list of mistakes that *pro se* plaintiffs tend to make when opposing a motion for summary judgment:

1. *Problem*: The plaintiff does not answer the defendant's proposed facts correctly.

   *Solution*: To answer correctly, the plaintiff must file a document titled "Response to Defendant's Proposed Findings of Fact." In this document, the plaintiff must answer each numbered fact that the defendant proposes, using separate paragraphs that have the same numbers as defendant's paragraphs. *See* II.D. If the plaintiff does not object to a fact that the defendant proposes, he should answer "Undisputed."

2. *Problem*: The plaintiff submits a set of facts without answering the defendant's facts.

   *Solution*: II.B. allows the plaintiff to file his own set of proposed facts in response to the defendant's motion *only* if he thinks he needs additional facts to prove his claim. But even if the plaintiff submits his own set of facts, he must also respond to the facts proposed by the defendant.

3. *Problem*: The plaintiff does not tell the court and the defendant where there is evidence in the record to support his version of a fact.

   *Solution*: The plaintiff must pay attention to II.D.3., which explains how to dispute a proposed fact. Also, the plaintiff should pay attention to I.B.4., which explains how a new proposed fact should be written.

4. *Problem*: The plaintiff supports a fact with an exhibit that the court cannot accept as evidence because it is not authenticated.

   *Solution*: I.C. explains what may be submitted as evidence. A copy of a document will not be accepted as evidence unless it is authenticated. That means that the plaintiff, or someone else who has personal knowledge of what the document is, must declare under penalty of perjury in a separate affidavit that the document is a true and correct copy of what it appears to be. For example, if the plaintiff wants to support a proposed fact with evidence that he received a conduct report, he must submit a copy of the conduct report, together with an affidavit in which he declares under penalty of perjury that the copy is a true and unaltered copy of the conduct report he received on such and such a date.

**NOTE WELL**: If a party fails to respond to a fact proposed by the opposing party, the court will accept the opposing party's proposed fact as undisputed. If a party's response to a proposed fact does not comply with the court's procedures or cites evidence that is not admissible, the court will take the opposing party's factual statement as true and undisputed.